```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 15 2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                          :
CARLOS ALAMO,                             :    ORDER DIRECTING AFFIRMATION,
                                          :
              Movant,                     :    28 U.S.C. 2255
                                          :
    -against-                             :    11 Civ. 3704 (GBD)
                                          :
UNITED STATES OF AMERICA,                 :    99 Cr. 0478 (GBD)
                                          :
              Respondent.                 :
                                          :
------------------------------------------------------------X

GEORGE B. DANIELS, United States District Judge:

Movant, currently incarcerated at FCI-Fort Dix, brings this *pro se* Motion under 28 U.S.C. § 2255, challenging the legality of his sentence entered in United States v. Alamo, No. 99 Cr. 0478 (GBD) (S.D.N.Y. Nov. 8, 2000). For the following reasons, the Court directs Movant to file an Affirmation within sixty (60) days of the date of this Order showing cause why this application should not be dismissed as time-barred.

## BACKGROUND

Movant challenges his sentence in United States v. Alamo, No. 99 Cr. 0478 (GBD) (S.D.N.Y. Nov. 8, 2000), alleging that in his criminal proceedings he did not receive due process or effective assistance of counsel. Specifically, Movant alleges that on May 17, 1999, he was picked up from Rikers Island, arraigned in this Court, and placed in a holding cell with his co-defendants, all without ever having been arrested or "read his rights." Motion at 1-2. He alleges that he informed his attorney of the alleged omission. Id. at 2.

Movant pleaded guilty to Conspiracy to Distribute Narcotics, and on November 8, 2000, he was sentenced to 151 months' imprisonment and five years' supervised release. He did not appeal his conviction.

## **DISCUSSION**

Applicable Statute of Limitations

A federal prisoner seeking relief under 28 U.S.C. § 2255 must file a Motion within one year of the latest of:

>(1) the date on which the judgment of conviction becomes final;

>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making by such governmental action;

>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); see Lindh v. Murphy, 521 U.S. 320, 326-27 (1997) (the statute of limitations provision applies "to the general run of habeas cases . . . when those cases had been filed after the date of the Act").

Movant's judgment for his criminal conviction was filed on November 8, 2000 and entered on the Court's docket on November 15, 2000. See United States v. Alamo, No. 99 Cr. 0478 (GBD) (S.D.N.Y. Nov. 8, 2000). Because he did not appeal his conviction, the conviction became final on January 14, 2001, when his time to appeal expired. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). Movant alleges that he placed this Motion in the prison mail collection box on May 14, 2011, the earliest it could be deemed filed, more than ten years after his judgment of conviction became final. See Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001) (petition is filed on date that prisoner, acting *pro se*, gives it to prison officials under the "prison mailbox rule").

Leave to File Affirmation

A Movant is entitled to notice and opportunity to be heard before the court dismisses a petition as time-barred. See Day v. McDonough, 547 U.S. 198, 210 (2006). Therefore, Movant is directed to show cause by Affirmation within sixty (60) days from the date of this Order why the statute of limitations does not bar this Motion. Movant should allege any facts that show that any delay in submitting his Motion was excusable. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases). Movant is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Jenkins v. Green, 630 F.3d 298, 302 (2d Cir. 2010).

## CONCLUSION

Movant is hereby directed to file an Affirmation showing cause why the Motion should not be dismissed as time-barred within sixty (60) days of the date of this Order. An Affirmation for Timeliness form is attached to this Order, which Movant should complete as specified above. If Movant timely files his Affirmation, the Court shall review it, and if proper, shall order that the Motion be served on Respondent. If Movant fails to comply with this Order within the time allowed, the Motion will be dismissed as time-barred. No answer shall be required at this time.

As Movant has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

Dated: JUN 15 2011
New York, New York

4